UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BLANCHE HENNELY,                          )
                                          )
        Plaintiff,                        )
                                          )
    vs.                                   )        Case No. 4:14-CV-1297 (CEJ)
                                          )
EDWARD G. BROADFIELD, MISSOURI            )
METALS, LLC, and PERKINELMER INC.,        )
                                          )
        Defendants.                       )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to remand this action to the Twenty-First Judicial Circuit Court of Missouri (St. Louis County) from which it was removed. Defendant opposes the motion, and the issues are fully briefed.

**I.    Background**

Defendant PerkinElmer, Inc. owns industrial property at 9970 Page Avenue in Overland, Missouri in north St. Louis County (the "Site"). Defendant Missouri Metals, LLC, a manufacturer of components and assemblies for aerospace and power generation industries, leases and operates the facility at the Site. Defendant Edward Broadfield was President of Missouri Metals from 2005 to 2013. Plaintiff Blanche Hennely lives in a residential area, Elmwood Park, located directly south and southeast of the Site. In the 1980s, metal degreasers and hydrofluoric acid lime sludge were dumped at the Site. Chemicals, including perchloroethylene (PCE) and trichloroethylene (TCE), were first detected in the groundwater at the Site during a property transfer audit in 1988. In 1994, PerkinElmer voluntarily entered into a consent agreement with the Missouri Department of Natural Resources (MDNR), agreeing to conduct groundwater monitoring and evaluate remedial

alternatives for the PCE and TCE present at the Site. The MDNR formally referred the Site to the EPA for further investigation and clean-up in 2012.

The EPA subsequently issued an order that PerkinElmer take further enumerated actions, such as installing vapor mitigation systems in Elmwood Park homes where TCE was detected, to protect the public health or environment from the harms posed by the hazardous substances at the Site. In 2013, the U.S. Department of Health and Human Services' Agency for Toxic Substances and Disease Registry (ATSDR) published a public health assessment, concluding that Elmwood Park residents in several homes, including areas previously believed to be unaffected, may have been exposed and could in the future increasingly be exposed to TCE at levels that pose an urgent public health hazard.

On June 10, 2014, plaintiff filed the instant action in state court, asserting claims of negligence, premises liability, permanent nuisance, temporary nuisance, and trespass against all defendants, and an additional claim of negligent supervision against Broadfield as president of Missouri Metals. Defendants removed the action to this Court, invoking jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332(a). Defendants argue that Broadfield was fraudently joined. Plaintiff contends that both Missouri Metals and Broadfield are properly included non-diverse parties, and so this case should be remanded to state court.

II.    Discussion

An action is removable to federal court if the claims originally could have been filed in federal court. 28 U.S.C. § 1441; In re Prempro Prods. Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010). Defendants bear the burden of

establishing federal jurisdiction by a preponderance of the evidence.  Altimore v. Mount Mercy Coll., 420 F.3d 763, 768 (8th Cir. 2005).  Any doubts about the propriety of removal are resolved in favor of remand.  Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007).  A case must be remanded if, at any time, it appears that the district court lacks subject-matter jurisdiction.  28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

 Removal in this case was premised on diversity of citizenship jurisdiction. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."  OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).

Plaintiff first argues that because Missouri Metals' principal place of business or nerve center is in St. Louis, it is a citizen of Missouri and a non-diverse party. Missouri Metals, however, is a limited liability corporation.  For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all of its members.  GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004).  Missouri Metals' sole member is Metal Spinners, a corporation both incorporated in and with its principal place of business in Indiana.  28 U.S.C. § 1332(c)(1) (stating a corporation is citizen of any state in which it has been incorporated and the state where it has its principal place of business).  Therefore, Missouri Metals also is an Indiana citizen.

Plaintiff argues that because Missouri Metals maintains its own identity and operates as an independent subsidiary, the Court should disregard Metal Spinners' citizenship and consider instead the location of Missouri Metals' business activities.

3

But no circuit court has ever held that an LLC's citizenship is defined by its principal place of business, even when its sole member is a holding company that has delegated its power to control and manage the LLC. See Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 349-52 (3d Cir. 2013). Instead, every circuit court to have expressly addressed the question has unambiguously held that for purposes of establishing diversity of citizenship, an LLC's citizenship is determined by the citizenship of its constituent members. See e.g., D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrota, 661 F.3d 124, 125 (1st Cir. 2011); Bayerische Landesbank v. Aladdin Capital Mgmt., LLC, 692 F.3d 42, 49 (2d Cir. 2012); Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010); Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011); Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008); V & M Star, LP v. Centimark Corp., 596 F.3d 354, 355 (6th Cir. 2010); IP of A West 86th St. 1, LLC v. Morgan Stanley Mortg. Capital Holdings, LLC, 686 F.3d 361, 363 (7th Cir. 2012); OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007); Segundo Suenos, LLC v. Jones, 494 Fed. Appx. 732, 735 (9th Cir. 2012); Flintlock Const. Servs., LLC v. Well–Come Holdings, LLC, 710 F.3d 1221, 1224 (11th Cir. 2013). This Court chooses to remain consistent with the Supreme Court's approach to resolving jurisdictional questions in a bright line manner. See, e.g., Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (stating that jurisdictional rules should "remain as simple as possible").

Plaintiff also asserts that Broadfield is a Missouri citizen and a non-diverse party. There is no dispute that Broadfield and plaintiff are both Missouri citizens,

and thus complete diversity is lacking on the face of the complaint. Defendants argue, however, that the Court should not consider Broadfield's citizenship because he has been fraudulently joined. "Courts have long recognized fraudulent joinder as an exception to the complete diversity rule." In re Prempro, 591 F.3d at 620; Witherspoon v. Bayer Healthcare Pharms. Inc., No. 4:13-CV-1912 (ERW), 2013 WL 6069009, *2 (E.D. Mo. Nov. 18, 2013).

"Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." Id. Fraudulent joinder requires a showing that the claim involving the non-diverse party has "no reasonable basis in fact and law." Knudson v. Systs. Painters, Inc., 634 F.3d 968, 980 (8th Cir. 2011). Thus, it must be "clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant" and there is no "arguably [] reasonable basis for predicting that the state law might impose liability based upon the facts involved." Witherspoon, 2013 WL 6069009 at *2. When a district court reviews a fraudulent joinder claim, "the court has no responsibility to definitively settle the ambiguous question of state law." Filla v. Norfork S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003).

Under Missouri law, merely holding a corporate office does not subject one to personal liability for the misdeeds of the corporation. State ex rel. Doe Run Res. Corp. v. Neill, 128 S.W.3d 502, 505 (Mo. banc 2004). However, "[a]n individual is not protected from liability simply because the acts constituting the tort were done in the scope and course, and pertained to, the duties of his employment." Id. (citation omitted). Rather, "a corporate officer may be held individually liable for

5

tortious corporate conduct if he or she had actual or constructive knowledge of, and participated in, an actionable wrong." Id. (citation omitted).

Plaintiff's complaint provides a reasonable basis for finding that Missouri law may impose liability upon Broadfield in his individual capacity based on the factual allegations. All six claims in the complaint have been brought against Broadfield. Plaintiff alleges that defendants had an ongoing duty to stop groundwater and vapor leaks or migrations from the industrial property onto residential property, to inspect and search for leaks and contaminants, and to clean up and warn plaintiff of the persisting pollutants and hazardous leaks. Plaintiff claims that defendants breached their duties, leading to contamination of residential property in the surrounding communities. Plaintiffs further allege that Broadfield, as the president, board member, general manager, and managing director of Missouri Metals from 2005 to 2013, knew of and participated in Missouri Metals' tortious conduct by failing to properly monitor, test, or abate the nuisance, causing the toxic substances to further diminish property values in the surrounding communities. These allegations establish a colorable claim against Broadfield individually. Because the Court finds that Broadfield was not fraudulently joined, complete diversity among the parties is absent and there is no basis for federal court jurisdiction. Therefore, the case will be remanded.

Plaintiff seeks an award of costs and attorney's fees incurred as a result of removal, as permitted by 28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party

lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005) (citations omitted).  After considering the arguments presented in the memorandum in opposition to remand, the Court finds that defendants had an objectively reasonable basis to seek removal.

*    *    *

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for remand [Doc. #14] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Twenty-First Judicial Circuit Court of Missouri (County of St. Louis), from which it was removed.

**IT IS FURTHER ORDERED** that plaintiff's request for attorney's fees is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE


Dated this 5th day of November, 2014.